(October 30, 1996)

■ In the Matter of JOHN L. DESMOND, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [648 NYS2d 806] —Per Curiam. Respondent was admitted to practice in 1962 by the Appellate Division, Fourth Department. He maintains an office for the practice of law in Scotia, Schenectady County.

After a hearing in May 1996, the Referee sustained four of five charges of professional misconduct against respondent set forth in a petition dated February 8, 1996, filed by petitioner Committee on Professional Standards. Petitioner moves to confirm the Referee's report and respondent moves to disaffirm it with respect to the sustained charges.

In late 1987, respondent and the Mannixes, a husband and wife who had been his clients, friends, and business associates since the mid 1960s, together bought an apartment building in Schenectady. The Mannixes contributed $56,000 of the total cost of well over $200,000. Respondent represented the Mannixes in the real estate transaction. None of the documentation recording the transaction evidences co-ownership of the building by the Mannixes; rather, the relevant documentation lists respondent as sole owner. Neither Mannix signed the contract of sale, which was executed by the sellers and respondent in November 1987. The Mannixes did not attend the closing and the deed recorded by respondent only listed him as an owner. Respondent insured the property in his name only. The income tax returns respondent prepared for the Mannixes through tax year 1992 did not reflect any ownership interest by the Mannixes in the apartment building or deductions or income attributable to the real property. Respondent's returns reported 100% of the losses attributable to the property, albeit it appears he bore 100% of the costs of maintaining and renting the building. Respondent did not advise the Mannixes of their right to seek independent counsel or disinterested advice

from an independent competent person before entering into the real estate transaction with him and he failed to fully disclose to them the potential conflicts of interest and risks associated with such a transaction. Mr. Mannix died in 1993. Thereafter, Mrs. Mannix switched the preparation of her income tax returns from respondent to an accountant and filed an inquiry against respondent with petitioner.

The above scenario was proven by petitioner at the hearing and amply supports charges I and II, sustained by the Referee. Charge I accuses respondent of converting $56,000 of the Mannixes' funds, in violation of the Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3) and DR 9-102 (22 NYCRR 1200.46). Charge II accuses respondent of having engaged in a business relationship with clients having different interests therein without full disclosure, in violation of DR 1-102 (A) (5) and (8), DR 5-101 (A) (22 NYCRR 1200.20), and DR 5-104 (A) (22 NYCRR 1200.23).

Charge III, sustained by the Referee, accused respondent of charging his client Schoeffler an excessive fee in violation of DR 1-102 (A) (5) and DR 2-106 (22 NYCRR 1200.11). Respondent represented Schoeffler in a personal injury matter and, pursuant to his retainer agreement with the client, calculated his fee in accordance with section 806.13 of this Court's rules (22 NYCRR 806.13). The fee respondent took, $6,550, was excessive insofar as it exceeded the maximum allowable under the rule.

The essence of charge V, sustained by the Referee, is that respondent failed to cooperate with petitioner, in violation of DR 1-102 (A) (5) and (8), by not producing his Mannix files from late July 1994, when petitioner first requested them, until he appeared for an examination under oath pursuant to subpoena in late December 1994. The failure is clear though mitigated by the illnesses requiring hospitalization suffered by both respondent and his wife during a part of the relevant period.

In determining an appropriate disciplinary sanction in this matter, we have considered the many positive character affidavits submitted by respondent and his lack of a public disciplinary record. However, petitioner cites two letters of admonishment and three letters of caution issued to respondent since 1983. We conclude that respondent's betrayal of the Mannixes' trust and the conversion of their funds warrants no less than his disbarment.

Mikoll, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be and hereby is granted and respondent's

cross-motion to disaffirm be and hereby is denied; and it is further ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition, except for charge IV which is hereby dismissed; and it is further ordered that respondent be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective 30 days from the date of this order; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk, or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.